

FILED
SEP 22 2020

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| CHAVEZ SPOTTED HORSE, | 1:20-CV-01019-CBK |
| Plaintiff, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Petitioner filed on September 14, 2020, a motion to vacate or set aside his conviction and sentence, this pursuant to 28 U.S.C. § 2255 (Doc. 1). He has also petitioned to be allowed to proceed in forma pauperis (Doc. 2) which petition to so proceed should be granted.

Petitioner was convicted by a jury of Receipt of Images Depicting the Sexual Exploitation of Minors, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256(2)(A). He was also convicted of Possession of Images Depicting the Sexual Exploitation of Minors, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b), and 2256(8). I granted the motion of the government before sentencing to dismiss this latter count. He timely appealed his convictions and sentences, the appeal having been submitted on December 14, 2028, and affirmed on January 28, 2019. His arguments on appeal were I erred (1) by denying his motion for a mistrial; (2) allowing the government expert to testify outside the scope of the expert notice provided under Fed.R.Crim.P. 16 (Rule 16 notice); and (3) by refusing to replace an emotional juror. All his arguments were rejected by the Court of Appeals. See U.S. v. Spotted Horse, 914 F.3d 596 (8th Cir. 2019). The facts are there set forth rather extensively. The mandate issued on March 22, 2019.

The present petition, having not been filed until September 14, 2020, appears to be subject to the limitation period established by 28 U.S.C. § 2255 so that

any relief is barred. I will nevertheless deal with the petition as an alternate matter.

Petitioner can make no meritorious claim of actual innocence. The evidence of his guilt was overwhelming. Law enforcement officials with a valid search warrant seized from defendant a large body of items described in the appellate decision. Experts found 1,044 images, of which 246 were considered (and apparently found by the jury) as child pornography. The defendant confessed his crimes to the agents and his confession was recorded and received in evidence. Specifically, he admitted to viewing child pornography three to five times a week for the past two to three years, with the most recent viewing about one week before the interview. He explained to the agents how he attempted to conceal the incriminating items, using procedures not known to the vast majority of people.

He was represented by one of the best defense attorneys in the Public Defender's office and had a very fair trial.

There is no question that the defendant was in possession of the computer and related items containing the child pornography at his residence That is what the search warrant produced. He now claims he could not have been in possession of the laptop in November of 2015, but all the evidence was to the contrary. He had, according to the defendant, received the computer from his sister, Kristen Leaf. A document in the file reports on an interview of Ms. Leaf conducted by an investigator for the Public Defender's office. The report makes clear that the defendant did not want her to testify and the investigator concludes that her testimony about the chain of custody would hurt the defendant's case.

All the documents, files and records herein show that the petitioner is entitled to no relief. Therefore, no notice need be served upon the United States Attorney and no evidentiary or other hearing need be held. This Court had jurisdiction. The sentences imposed were authorized by law and are not open to collateral attack. There was no denial or infringement of petitioner's constitutional rights as to render the judgments capable of collateral attack.

Petitioner was not deprived of the effective assistance of counsel and makes no claim that he was. Now, therefore,

IT IS ORDERED, as follows:

1) There is no need for notice to be served upon the United States and no evidentiary or other hearing is needed.

2) The request to proceed in forma pauperis is granted.

3) The motion to vacate or set aside conviction and sentence (Doc. 1) is denied.

DATED this 22nd day of September, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge